

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*(973) 645-2700*

ASP/PL AGR
2013R00474

January 19, 2015

Lawrence S. Lustberg, Esq.
Mary Frances Palisano, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Re: <u>Plea Agreement with Igor Dubovoy</u>

Dear Mr. Lustberg and Ms. Palisano:

This letter sets forth the plea agreement between your client, Igor Dubovoy, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Igor Dubovoy to Count One of the Indictment, Crim. No. 15-390 (MCA), which charges Igor Dubovoy with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, and in violation of 18 U.S.C. § 1349. If Igor Dubovoy enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Igor Dubovoy for participating in a scheme to hack into the computer networks of PR Newswire Association LLC, Marketwired L.P., and Business Wire between February 2010 through August 2015 in order to steal confidential press releases containing material nonpublic information and then to trade ahead of those releases before their distribution to the investing public. In addition, if Igor Dubovoy fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts Two through Sixteen, and count Twenty-Three, of the Indictment against Igor Dubovoy. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Igor Dubovoy agrees that any dismissed charges and any other

charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Igor Dubovoy may be commenced against him, notwithstanding the expiration of the limitations period after Igor Dubovoy signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Igor Dubovoy agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Igor Dubovoy is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Igor Dubovoy ultimately will receive.

Further, in addition to imposing any other penalty on Igor Dubovoy, the sentencing judge: (1) will order Igor Dubovoy to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Igor Dubovoy to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Igor Dubovoy, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Igor Dubovoy to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Igor Dubovoy be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Igor Dubovoy may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Igor Dubovoy agrees to make restitution of $3,004,685.06 for all losses to PR Newswire Association LLC, Marketwired L.P., and Business Wire resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Igor Dubovoy by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Igor Dubovoy's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Igor Dubovoy agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Igor Dubovoy from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Igor Dubovoy waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Igor Dubovoy agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to be held jointly and severally liable with Arkadiy Dubovoy, his co-defendant in this matter, for the total amount of the proceeds obtained via conspiracy to commit wire fraud, and consents to the entry of a forfeiture money judgment in the amount of $11,495,323 (the "Forfeiture Money Judgment").

Igor Dubovoy also agrees, as part of his acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to a violation of conspiracy to commit wire fraud, contrary 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C) (the "Forfeitable Property"), which Forfeitable Property includes, but is not limited to, the property that was seized on or about August 11, 2015. The net proceeds from the sale of the Forfeitable Property will be applied to the Forfeiture Money Judgment, in partial satisfaction thereof.

Igor Dubovoy further agrees to forfeit his interest in any other property, including substitute assets pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)) in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full. Igor Dubovoy further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

This Office will recommend to the Attorney General that any forfeited money and the net proceeds derived from the sale of forfeited property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Igor Dubovoy represents that, to the best of his ability, he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. Igor Dubovoy agrees that if the government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Igor Dubovoy consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Igor Dubovoy knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Igor Dubovoy further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Igor Dubovoy further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Igor Dubovoy understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Igor Dubovoy hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Igor Dubovoy understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Igor Dubovoy understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Igor Dubovoy wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Igor Dubovoy understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Igor Dubovoy waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any

kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Igor Dubovoy. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Igor Dubovoy.

No provision of this agreement shall preclude Igor Dubovoy from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Igor Dubovoy received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Igor Dubovoy and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW S. PAK
DANIEL SHAPIRO
DAVID M. ESKEW
SVETLANA M. EISENBERG
Assistant U.S. Attorneys

APPROVED:

PAUL MURPHY
Chief, Economic Crimes Unit

      I have received this letter from my attorneys, Lawrence S. Lustberg, Esq. and Mary Frances Palisano, Esq.  My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 19.01.2016
IGOR DUBOVOY

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 1/19/16
LAWRENCE S. LUSTBERG, ESQ.
MARY FRANCES PALISANO, ESQ.

## Plea Agreement With Igor Dubovoy

## Schedule A

1. This Office and Igor Dubovoy recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Igor Dubovoy nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Igor Dubovoy within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Igor Dubovoy further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case.

3. The applicable guideline for a violation of Title 18, United Sates Code, Section 1349 is Section 2X1.1 of the Guidelines.

4. The substantive offense is a violation of Title 18, United Sates Code, Section 1343, and the applicable guideline for that offense is Section 2B1.1 of the Guidelines.

5. The guideline for the substantive offense carries a Base Offense Level of 7 because the defendant was convicted of an offense referenced to Section 2B1.1 of the Guidelines, and because the statutory maximum term of imprisonment is 20 years or more. U.S.S.G. § 2B1.1(a)(1).

6. The loss amount is approximately $30,000,000. The offense level is therefore increased by 22 levels. U.S.S.G. § 2B1.1(b)(1)(L).

7. The offense involved 10 or more victims. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(i).

8. A substantial part of the fraudulent scheme was committed from outside the United States and the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting the sophisticated means. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(10).

9. As of the date of this letter, Igor Dubovoy has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Igor Dubovoy's

acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Igor Dubovoy has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Igor Dubovoy's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Igor Dubovoy enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Igor Dubovoy's acceptance of responsibility has continued through the date of sentencing and Igor Dubovoy therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Igor Dubovoy's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Igor Dubovoy is 30 (the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Igor Dubovoy knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 30. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 30. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding

paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.