2013R00474/AP/SD/sc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo, U.S.D.J. |
| v. | : | |
| | | Crim. No. 15-CR-390 (MCA) |
| ARKADIY DUBOVOY, | : | |
| | | CONSENT JUDGMENT AND |
| Defendant. | : | PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC |
| | : | PROPERTY (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about August 10, 2015, the United States filed an Indictment against defendant Arkadiy Dubovoy which charged him and his co-defendants with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Counts 2-8); conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (Count 9); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (Counts 10-16); conspiracy to commit fraud and related activity in connection with computers, in violation of 18 U.S.C. § 371 (Count 17); fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030 and 18 U.S.C. § 2 (Counts 18-20); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2 (Counts 21 and 22); and money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count 23);

WHEREAS, on or about February 18, 2016, defendant Arkadiy Dubovoy pleaded guilty, pursuant to a plea agreement with the United States, to Count 1 of above-referenced Indictment;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of conspiracy to commit wire fraud, an offense constituting a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in the Indictment, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the wire fraud offense;

WHEREAS, in the plea agreement, defendant Arkadiy Dubovoy agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all of his interest in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud offense to which defendant Arkadiy Dubovoy has pleaded guilty;

WHEREAS, on or about February 18, 2016, a Consent Judgment of Forfeiture (Money Judgment) was entered in the United States District Court, District of New Jersey, for a sum of money equal to $11,495,323 (the "Money Judgment");

WHEREAS, the property subject to forfeiture by defendant Arkadiy Dubovoy includes, but is not limited to, the following Real Property:

> All rights, title, and interest, including all appurtenances and improvements thereon, in the property located at 50 Laurel Trail South, Dawsonville, Georgia,

(hereinafter referred to collectively as the "Specific Property");

WHEREAS, on August 12, 2015, the United States filed a Forfeiture Bill or Particulars providing notice that the Specific Property is subject to forfeiture as derived from proceeds traceable to the commission of the wire fraud offense to which defendant Arkadiy Dubovoy has pleaded guilty;

WHERAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(g), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure the United States is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Arkadiy Dubovoy:

(1) Consents to the forfeiture to the United States of all his right, title, and interest, including all appurtenances and improvements thereon, in the property located at 50 Laurel Trail South, Dawsonville, Georgia as derived from proceeds traceable to the commission of the wire fraud offense to which defendant has pleaded guilty (the "Specific Property");

(2) Agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3)     Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(4)     Consents to the entry of interlocutory orders of sale pursuant to Rule 32.2(b)(7) for the Specific Property, pursuant to Rules 32.2(b)(2)(C) and 32.2(e);

(5)     Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6)     Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(7)     Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(8)     Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment;

(9)     Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.	As a result of the defendant's conviction of the wire fraud offense charged in the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest, including all appurtenances and improvements thereon, in the property located at 50 Laurel Trail South, Dawsonville, Georgia (the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2.	Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Arkadiy Dubovoy, shall be made part of the sentence of defendant Arkadiy Dubovoy, and shall be included in the judgment of conviction therewith.

3.	Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4.	Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5.     Pursuant to Fed R. Crim. P. 23.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6.     Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7.     Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8.      Any forfeited money and the net proceeds derived from the sale of any of the forfeited Specific Property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

9.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10.     This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this __15__ day of __April__, 2016

_____
HONORABLE MADELINE COX ARLEO
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

By: SARAH DEVLIN
Assistant United States Attorney

Dated: 4-1-16

MICHAEL CRITCHLEY, SR., ESQ.
MICHAEL CRITCHLEY, JR., ESQ.
Attorneys for Defendant Arkadiy Dubovoy

Dated: 3/29/16

ARKADIY DUBOVOY, Defendant

Dated: 03.28.16

-8-

Scanned by CamScanner