2013R00474/AP/SD/sc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo, U.S.D.J. |
| v. | : | |
| | | Crim. No. 15-CR-390 (MCA) |
| IGOR DUBOVOY, | : | |
| | | CONSENT JUDGMENT OF |
| Defendant. | : | FORFEITURE (MONEY JUDGMENT) AND PRELIMINARY |
| | : | ORDER OF FORFEITURE AS TO THE SPECIFIC PROPERTY |
| | : | (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about August 10, 2015, the United States filed an Indictment against defendant Igor Dubovoy which charged him and his co-defendants with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Counts 2-8); conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (Count 9); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (Counts 10-16); conspiracy to commit fraud and related activity in connection with computers, in violation of 18 U.S.C. § 371 (Count 17); fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030 and 18 U.S.C. § 2 (Counts 18-20); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2 (Counts 21 and 22); and money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count 23);

WHEREAS, on or about January 20, 2016, defendant Igor Dubovoy pleaded guilty, pursuant to a plea agreement with the United States, to Count 1 of above-referenced Indictment;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of conspiracy to commit wire fraud, an offense constituting a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in the Superseding Indictment, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the wire fraud offense;

WHEREAS, in the plea agreement, defendant Igor Dubovoy agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all of his interest in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud offense to which defendant Igor Dubovoy has pleaded guilty;

WHEREAS, the property subject to forfeiture by defendant Igor Dubovoy includes, but is not limited to, the following Specific Property:

1)   The real property located at 50 Laurel Trail South, Dawsonville, Georgia, including all appurtenances and improvements thereon.

WHEREAS, in the plea agreement, defendant Igor Dubovoy also agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to $11,495,323, for which the defendant shall be held jointly and severally liable with Arkadiy Dubovoy, his co-defendant in

this matter, representing the proceeds of the offenses charged in the Indictment (the "Money Judgment");

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(g), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure the United States is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Igor Dubovoy:

1)   Consents to the forfeiture to the United States of America $11,495,323 as a sum of money representing the proceeds of the wire fraud offenses charged in the Indictment, in the form of a criminal forfeiture money judgment to be imposed upon the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

2) Consents to the forfeiture to the United States of all his right, title, and interest, including all appurtenances and improvements thereon, in the property located at 50 Laurel Trail South, Dawsonville, Georgia as derived from proceeds traceable to the commission of the wire fraud offense to which defendant has pleaded guilty (the "Specific Property");

3) Agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

4) Consents to the entry of interlocutory orders of sale pursuant to Rule 32.2(b)(7) for the Specific Property, pursuant to Rules 32.2(b)(2)(C) and 32.2(e);

5) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

6) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

7) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the plea hearing;

8) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment;

9) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

10) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## *Money Judgment*

1. As a result of the defendant's conviction of the wire fraud offense charged in the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, a criminal forfeiture money judgment in the amount of $11,495,323 shall be entered against the defendant Igor Dubovoy, jointly and severally with Arkadiy Dubovoy, his co-defendant in this matter (the "Money Judgment").

2. The defendant having given his consent pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, that upon entry of this Order of Forfeiture, this Order is final as to the defendant Igor Dubovoy, shall be deemed part of his sentence, and shall be included in the judgment of conviction therewith.

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970

Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit all payments on the Money Judgment in the United States Justice Department's Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

**_Specific Property_**

6. As a further result of the defendant's conviction of the wire fraud offense charged in the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, all of the defendant's right, title and interest in the following property:

1) The real property located at 50 Laurel Trail South, Dawsonville, Georgia, including all appurtenances and improvements thereon.
(hereinafter referred to as the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

7. Any forfeited money and the net proceeds derived from the sale of any of the forfeited properties will be applied to the Money Judgment until the Money Judgment is satisfied in full.

8. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Igor Dubovoy, shall be made part of his sentence, and shall be included in the judgment of conviction therewith.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such properties in its secure custody and control.

10. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Pursuant to Rule 23.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12. Any person, other than the defendant, claiming an interest in any of the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site; or if the person, or his attorney, was sent direct notice no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

13. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

14. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

15. The Clerk of Court is directed to enter a money judgment against the defendant Igor Dubovoy in favor of the United States in the amount of $11,495,323.

ORDERED this _____ day of _____, 2016

_____
HONORABLE MADELINE COX ARLEO
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

AUSA Sarah _____ For Andrew Pak          Dated: 4-5-16
By: ANDREW PAK
Assistant United States Attorney

_____          Dated: 4/4/16
MARY FRANCES PALISANO, ESQ.
JAKE FRANCIS GOODMAN, ESQ.
Attorneys for Defendant Igor Dubovoy

_____          Dated: April 4 2016
IGOR DUBOVOY, Defendant

-9-

Scanned by CamScanner