2013R00474/AP/SD/gr

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo, U.S.D.J. |
| v. | : | Crim. No. 15-390 (MCA) |
| ARKADIY DUBOVOY, | : | **NOTICE OF FORFEITURE** |
| Defendant. | : | <u>Electronically Filed</u> |

NOTICE IS HEREBY GIVEN that on February 18, 2016, in the above-captioned case, the United States District Court for the District of New Jersey entered a Consent Judgment of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant ) ("Preliminary Order of Forfeiture") forfeiting the following property to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property, real and personal, that constitutes or is derived from proceeds traceable to the commission of a wire fraud offense, contrary to 18 U.S.C. § 1343 in violation of 18 U.S.C. § 1349, to which defendant Arkadiy Dubovoy has pleaded guilty:

1) All funds and other property on deposit in E*Trade Securities Account Number XXXX7579, held in the name of Southeastern Holdings and Investment, LLC;

2) All funds and other property on deposit in Interactive Brokers account number XXXX1184, held in the name of M&I Advising Associates LLC;

  3)  All funds and other property on deposit in Interactive Brokers account number XXXX7635, held in the name of Boni, Inc.; and

  4)  All funds and other property on deposit in TD Ameritrade Account Number XXXXX6350, held in the name of Southeastern Holding & Investment Company LLC,

(collectively the "Specific Property")

YOU ARE HEREBY NOTIFIED that the United States intends to dispose of this property as provided by law.

Any person, other than the defendant, claiming a legal right, title, or interest in any of the property described above must petition the United States District Court for the District of New Jersey for a hearing to adjudicate the validity of the petitioner's alleged legal interest in this property.

<u>If direct notice of the forfeiture is provided</u>, the petition must be filed with the United States District Court for the District of New Jersey no later than 35 days from the date of mailing of direct notice.  If <u>no</u> direct notice is provided, the petition must be filed with the United States District Court for the District of New Jersey within 60 days from the first day of publication of notice on the government internet site www.forfeiture.gov, pursuant to 21 U.S.C. § 853(n)(2),[1] Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime

---

[1] The procedures governing criminal forfeitures set forth in 21 U.S.C. § 853 (except for 21 U.S.C. § 853(d)) are incorporated by reference in this case, pursuant to 28 U.S.C. § 2461(c).

Claims and Asset Forfeiture Actions. If a hearing is requested, it shall be held before the Court alone, without a jury.

Pursuant to 21 U.S.C. § 853(n)(3), the petition must be signed by the petitioner under penalty of perjury; shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property; the time and circumstances of the petitioner's acquisition of the right, title or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

Pursuant to 21 U.S.C. § 853(n)(2), neither the defendant in the above-styled case nor his or her agent is entitled to file a petition.

The petition shall be filed with the Clerk of the Court, United States District Court, District of New Jersey, Martin Luther King Federal Building and U.S. Courthouse, 50 Walnut Street, Room 4105, Newark, New Jersey 07102, with a copy sent to Assistant United States Attorney Sarah Devlin, United States Attorney's Office, District of New Jersey, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Pursuant to 21 U.S.C. § 853(n)(4), any hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within 30 days of filing of the petition. The court may consolidate the hearing on the petition with any other hearings requested on any other petitions filed by any other person other than the defendant named above.

Pursuant to 21 U.S.C. § 853(n)(5), at the hearing, you have the right to testify and present evidence and witnesses on your own behalf and cross-

examine witnesses who appear at the hearing.  The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing.  In addition to testimony and evidence presented at the hearing, the Court shall consider the relevant portions of the record of the criminal case which resulted in the entry of the Preliminary Order of Forfeiture.

Pursuant to 21 U.S.C. § 853(n)(6), if, after the hearing, the Court determines that the petitioner has established by a preponderance of the evidence that:  (a) the petitioner has a legal right, title or interest in the property, and such right, title or interest renders the Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (b) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture; the Court shall amend the Preliminary Order of Forfeiture in accordance with its determination.

**IF YOU FAIL TO FILE A PETITION** to assert any right, title or interest you may have in the above-described property within the time period set forth on pages 2-3 of this Notice, any right, title or interest you may have had in the property described in this Notice shall be lost and forfeited to the United States.  Following the disposition of any other petitions that may be filed, the

4

United States then shall have clear title to the property herein described and may warrant good title to any subsequent purchaser or transferee.

DATED this 23rd day of May, 2016.

                                                PAUL J. FISHMAN
                                                United States Attorney

                                                *s/Sarah Devlin*
                                                By: Sarah Devlin
                                                Assistant United States Attorney